IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Alan Clack,<br><br>             Petitioner,<br>vs.<br><br>Ronald Credio, et. al,<br><br>             Respondents. | No. CV-12-2209-PHX-FJM (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Matthew Alan Clack has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents argue that Petitioner's claims are procedurally defaulted and that he waived habeas review of Grounds One, Two, and Four by entering a guilty plea. (Doc. 13 at 2.) In his reply, Petitioner opposes Respondents' assertions and argues that he is entitled to relief on the merits of his claims. (Doc. 14.) For the reasons set forth below, the Court finds habeas review of Petitioner's claims procedurally barred and does not address Respondents' alternative arguments.

**I.    Factual and Procedural Background**

   **A.    Guilty Plea and Sentencing**

On July 13, 2009, Petitioner pleaded guilty in the Arizona Superior Court, Pinal County (trial court), to one count of kidnapping a child under fifteen with sexual

1  motivation (Count 1), and one count of attempted molestation of a child under fifteen
2  (Count 4, as amended by the plea agreement).  (Respondents' Ex. I.)[1]

3  Petitioner subsequently wrote a letter to the trial court asking to withdraw from the
4  plea agreement. (Ex. M.)  Petitioner's trial counsel, Gillespie, was permitted to withdraw
5  and substitute counsel, Ritter, moved to vacate Petitioner's plea for "manifest injustice."
6  (Ex. N.)  Petitioner argued that after he entered the plea agreement, he "became
7  convinced that he had made a mistake by signing" it.  (*Id*. at 2.)  Petitioner asserted that
8  he "felt pressured by his attorney," Gillespie, to sign the agreement.  (*Id*. at 4.)

9  The trial court held an evidentiary hearing on Petitioner's motion on January 21,
10 2010, at which Petitioner and Gillespie testified.  (Ex. P at 5, 8-63.)  Petitioner admitted
11 that he told the trial court at his change-of-plea hearing that he had read and understood
12 the plea agreement, that he understood the rights that he was giving up under the plea
13 agreement, and that he wanted to enter that agreement.  (*Id*. at 25-27.)  He also admitted
14 that he had confirmed during the change-of-plea hearing that no one had forced or
15 threatened him to enter the plea agreement.  (*Id*. at 28.)  Petitioner admitted that he only
16 had second thoughts about the plea agreement after talking with other inmates after he
17 had entered his guilty plea. (*Id*. at 29-30.)  After taking the matter under advisement, on
18 January 29, 2010, the trial court denied Petitioner's motion to withdraw from the plea
19 agreement.  (Respondents' Ex. Q.)

20 On February 22, 2010, the trial court conducted a sentencing hearing.
21 (Respondents' Ex. S at 3-10, Ex. T.)  Pursuant to the plea agreement, the court did not
22 find any mitigating or aggravating factors.  (Respondents' Ex. S at 7.)  Additionally, on
23 Count 1, the court sentenced Petitioner to the presumptive term of seventeen years'
24 imprisonment, with credit for 698 days of presentence incarceration.  On amended Count
25 4, the court placed Petitioner on lifetime probation.  (Respondents' Ex. S at 7.)

---

[1] Citations to "Respondents' Ex." are to exhibits to Respondents' Limited Answer to Petition for Writ of Habeas Corpus (Doc. 13). Exhibits A-U are located at docket 13-1, exhibits V-FF are located at docket 13-2, and exhibits GG-II are located at docket 13-3.

**B.     Rule 32 "Of-Right" Proceeding (First Post-Conviction Proceeding)**

On May 5, 2010, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32, and the trial court appointed counsel.[2] (Respondents' Exs. U, Y at 2.)  After reviewing the record, counsel filed a notice advising the court that she could find no meritorious claims to raise on Petitioner's behalf. (Respondents' Ex. Y at 2.)  The court granted Petitioner leave to file a *pro per* petition, and on April 5, 2011, Petitioner filed a petition raising the following nine claims: (1) counsel was ineffective for failing to develop an insanity defense; (2) the Arizona statute regarding dangerous crimes against children is unconstitutional; (3) Petitioner was wrongly charged under Ariz. Rev. Stat. § 13-1304(A) without the benefit of subsection B of that statute, which specifies a lower-class felony for kidnapping under certain circumstances; (4) the trial court abused its discretion by failing to consider mitigating evidence at sentencing; (5) the State should have charged Petitioner with unlawful imprisonment rather than kidnapping; (6) Petitioner's Sixth Amendment due process rights were violated; (7) Petitioner's Eighth Amendment rights were violated; (8) the trial court violated Petitioner's rights under *State v. Donald*, 10 P.3d 1193 (Ariz. Ct. App. 2000); and (9) the imposition of probation following Petitioner's prison sentence constitutes double punishment in violation of the Double Jeopardy Clause of the Fifth Amendment and the Arizona Constitution. (Respondents' Ex. V at 4-13.)

On June 30, 2011, the trial court denied post-conviction relief finding that Petitioner's guilty plea waived all non-jurisdictional defects, including Petitioner's claim that trial counsel was ineffective for failing to develop an insanity defense and

---

[2] Pursuant to his plea, Petitioner's only avenue of direct review was a Rule 32 "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding known as a Rule 32 of-right proceeding").

1   Petitioner's claims that he was wrongly charged. (Respondents' Ex. Y at 3.) The court
2   further found that Petitioner's remaining claims lacked merit. (*Id*.)

3         Petitioner sought review of the trial court's decision in the Arizona Court of
4   Appeals. (Respondents' Ex. Z.) The appellate court denied review on November 29,
5   2011. (Respondents' Ex. AA.) The appellate court rejected Petitioner's claim that trial
6   counsel was ineffective for failing to raise an issue regarding Petitioner's mental
7   competency because there was no indication in the record that Petitioner was incompetent
8   or unable assist his attorney. (*Id*. at 4.) The appellate court further found that the record
9   supported the trial court's finding that Petitioner knowingly, intelligently, and voluntarily
10  entered the plea agreement, and that his counsel had fully, timely, and properly advised
11  him of the terms of the agreement and the potential sentences. (*Id*. at 3.)

12        The appellate court further held that, by pleading guilty, Petitioner had waived his
13  claim that he was improperly charged with kidnapping. (*Id.* at 4.) The appellate court
14  also held that, under Arizona law, Petitioner was precluded from challenging the
15  sufficiency of the charging document for the first time in a post-conviction proceeding.
16  (*Id*. at 4-5.) The appellate court rejected Petitioner's double jeopardy claim explaining
17  that he had "stipulated to the sentence set forth in the plea agreement," which was the
18  sentence he received. (*Id*. at 5.) The appellate court explained that, by entering a guilty
19  plea, Petitioner had waived his double jeopardy claim and his claim that the sentencing
20  statute is unconstitutional. (*Id*.) In addition, the appellate court held that it would not
21  consider Petitioner's claim that he was improperly sentenced under Ariz. Rev. Stat. § 13-
22  705 because Petitioner had raised that claim for the first time on appeal. (*Id.*) Finally,
23  the appellate court found that the trial court properly determined that that Petitioner had
24  not raised any claims warranting post-conviction relief. (*Id*.)

25        Petitioner petitioned for review in the Arizona Supreme Court on January 19,
26  2012. (Respondents' Ex. BB.) That court denied review on May 23, 2012.
27  (Respondents' Ex. CC.) On August 15, 2012, Petitioner sought review in the United
28

States Supreme Court and, on October 29, 2012, the Court denied review. (Respondents' Ex. DD.)

### C. Second Post-Conviction Proceeding

On October 29, 2012, Petitioner filed a "petition for writ of habeas corpus and for declaratory judgment" in the trial court. (Respondents' Ex. FF.) Petitioner raised the following claims: (1) the trial court erred in imposing an enhanced sentence because there was no evidence that Petitioner had used a dangerous instrument; (2) the court should have sentenced him to three-and-one-half years' imprisonment for attempted molestation and five years' imprisonment for kidnapping, to run concurrently; (3) trial counsel was ineffective because he lacked sufficient knowledge of Arizona's sentencing statutes; and (4) the trial court erred in imposing a sentence that did not comply with the applicable sentencing statutes, which resulted in judicial amendment of those statutes in violation of the separation of powers. (*Id.* at 4-6.) The trial court denied the petition on November 19, 2012. (Respondents' Ex. GG.) The court ruled that Petitioner was serving a lawfully-imposed sentence, that he had not alleged facts showing he was entitled to release, and therefore, he was "not entitled to habeas corpus relief." (*Id.*)

Petitioner sought appellate review. On March 29, 2013, the Arizona Court of Appeals affirmed the trial court's decision finding that the trial court neither erred nor abused its discretion in denying relief. (Respondents' Ex. II at 5.) The appellate court also affirmed on the ground that Petitioner's claims were precluded under Arizona Rule of Criminal Procedure 32.2(a)(3). (Respondents' Ex. II at 8.) The appellate court stated that "the trial court should have treated [Petitioner's] petition as a petition for post-conviction relief and summarily dismissed the new claims [Petitioner] raises here as precluded by his failure to raise them at trial or in his first Rule 32 petition." (*Id.*) The appellate court "specifically affirm[ed] the court's denial of relief on the ground that [Petitioner's] claims are precluded." (*Id.* at 8-9.)

### D.  Federal Petition for Writ of Habeas Corpus

On October 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court raising the following grounds for relief: (1) his sentence of seventeen years' imprisonment violates the Fifth, Sixth, Eighth, and Fourteenth Amendments because he "did not admit and the state did not prove beyond a reasonable doubt" either that he committed the "offense with the use, discharge or threatening exhibition of a deadly weapon or dangerous instrument, or the knowing or intentional infliction of serious physical injury upon another"; (2) the Arizona sentencing statute, Ariz. Rev. Stat. § 13-604.01, refers to a maximum penalty for a charged offense, but does not require a mandatory penalty under the sentencing provisions; (3) trial counsel was ineffective during plea negotiations because he lacked sufficient knowledge of Arizona's criminal statutes, which resulted in Petitioner waiving his constitutional rights "under the guise of plea bargain stipulations"; and (4) the trial court imposed sentences that violated Arizona statutes and resulted in a "violation of separation of powers and [Petitioner's] protected rights under" the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 1 at 6-9.)

Respondents argue that the Court should deny relief because each of Petitioner's claims is procedurally barred.  In the alternative, Respondents argue that Petitioner waived habeas corpus review of Grounds One, Two, and Four by entering a guilty plea. (Doc. 13.)  Petitioner opposes these assertions and argues that he is entitled to relief on the merits of his claims. (Doc. 14.)  As discussed below, the Court finds Petitioner's claims procedurally defaulted and barred from habeas corpus review.  Accordingly, the Court recommends that the Petition be denied and does not reach Respondents' alternative arguments.

## II.  Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court

in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim"); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *Baldwin*, 541 U.S. at 33. "A state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. Thus, a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731 32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claim to the state court, but returning to state court would be futile because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

1    Second, a claim may be procedurally barred when a petitioner raises a claim in
2 state court, but the state court finds the claim barred on state procedural grounds. *See*
3 *Beard v. Kindler*, 558 U.S. 53, 130 S. Ct. 612, 614-19 (2009). "[A] habeas petitioner
4 who has failed to meet the State's procedural requirements for presenting his federal
5 claim has deprived the state courts of an opportunity to address those claims in the first
6 instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review
7 is precluded if the state court opinion relies on a procedural ground "that is both
8 independent of the merits of the federal claim and an adequate basis for the court's
9 decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

10    A state procedural ruling is independent if the application of the bar does not
11 depend on consideration of the merits of the federal claim. *See Stewart v. Smith*, 536
12 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's
13 application of the procedural rule is adequate if it is strictly or regularly followed. *See*
14 *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally
15 excuses non-compliance with a procedural rule, that does not render its procedural bar
16 inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent
17 and adequate state ground doctrine ensures that the States' interest in correcting their own
18 mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a
19 procedurally barred claim has been exhausted, as a matter of comity, the federal court
20 will decline to consider the merits of that claim. *See id*. at 729-32.

21    However, because the doctrine of procedural default is based on comity, not
22 jurisdiction, federal courts retain the power to consider the merits of procedurally
23 defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will
24 not review the merits of a procedurally defaulted claim unless a petitioner demonstrates
25 "cause" for the failure to properly exhaust the claim in state court and "prejudice" from
26 the alleged constitutional violation, or shows that a "fundamental miscarriage of justice"
27 would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750.
28 Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless

1  claims regardless of whether the claim was properly exhausted in state court.  *See Rhines*
2  *v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court
3  to allow claims to be raised in state court if they are subject to dismissal under 2254(b)(2)
4  as "plainly meritless").

**III.    Analysis**

     **A.    Grounds One, Two, and Four**

In Ground One, Petitioner argues that his sentence violates the Sixth Amendment because he "did not admit and the state did not prove beyond a reasonable doubt that [he] accomplished the offense with the use, discharge, or threatening exhibition of a deadly weapon or dangerous instrument or the knowing or intentional infliction of serious physical injury upon another."  (Doc. 1 at 6.)  In Ground Two, Petitioner argues that "the phrase 'punishable pursuant to § 13-604.01' as used in Arizona criminal statutes refers to the statutory maximum penalty that could be imposed for the offense charged and does not constitute a mandatory penalty capable of satisfying the [Ariz. Rev. Stat.] § 13-702(A) 'specific sentence is otherwise provided' exception for first time offenders."[3]  (Doc. 1 at 7.)  In Ground Four, Petitioner argues that the trial court's "misapplication of the statutory sentencing language is the functional equivalent of amending one or more statutes in violation of [the] separation of powers and [Petitioner's] rights under" the Fifth, Sixth, Eighth, and Fourteenth Amendments.  (Doc. 1 at 9.)

---

[3] Ground Two refers to "Due Process" and "Equal Protection," but does not identify any particular federal claim.  (*Id.*)  A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States.  *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  Federal habeas corpus relief is not available for alleged violations of state law or for alleged error in the interpretation of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner's claim based on Arizona sentencing statutes appears to challenge the application of Arizona law, and therefore, it is not subject to this Court's review.  *See* 28 U.S.C. § 2254; *Estelle*, 502 U.S. at 67-68 (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Accordingly, to the extent that Ground Two is based on state law, it is not cognizable on federal habeas corpus review.

Petitioner did not raise these claims in his first post-conviction proceeding. (Respondents' Exs. V, Z.) Rather, he raised them for the first time in his second post-conviction proceeding. (Respondents' Exs. FF, HH.) The appellate court found these claims precluded under Rule 32.2(a)(3) because Petitioner failed to raise them at trial or in his first Rule 32 proceeding. (Respondents' Ex. II at 5, 8-9); *see* Ariz. R. Crim. P. 32.2(a)(3) (providing that a defendant is precluded from relief under Rule 32 based on any ground "[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding").

This determination was independent of federal law. *See Harris*, 489 U.S. at 264 n.10 ("[p]reclusion of issues for failure to present them at an earlier proceeding under Ariz. R. Crim. P. 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits'"). Additionally, Arizona courts have consistently applied Arizona's procedural rules to bar further review of claims that were waived at trial, on direct appeal, or in prior post-conviction proceedings. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Rule 32.2(a) is an adequate and independent procedural bar); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly" followed Rule 32).

Accordingly, Grounds One, Two, and Four are procedurally barred from federal habeas corpus review. *See Coleman*, 501 U.S. at 537; *Wainwright*, 433 U.S. at 97 (federal court is barred from considering a claim that state court denied on an adequate state-law ground independent of the merits of the federal claim). To the extent that the state court considered the merits of Petitioner's claims, that alternative ruling does not vitiate the procedural bar. *See Harris*, 489 U.S. at 264 n.10. As discussed below in Section III(C), Petitioner has not established any basis to overcome the procedural bar.

**B.    Ground Three**

In Ground Three, Petitioner asserts that trial counsel's "incompetence regarding Arizona's sentencing statutes" resulted in Petitioner waiving his constitutional rights

"under the guise of plea bargain stipulations." (Doc. 1 at 8.) Ground Three does not identify any particular federal claim. (*Id.*) Although Petitioner asserts that counsel was incompetent, he does not cite the Sixth Amendment. (*Id.*)

A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States. *Engle*, 456 U.S. at 119. Federal habeas corpus relief is not available for alleged violations of state law. *Estelle*, 502 U.S. at 67-68. Because Ground Three is not based on a violation of federal law, the Court lacks habeas jurisdiction over that claim. *See* 28 U.S.C. § 2254; *Estelle*, 502 U.S. at 67-68. Accordingly, Petitioner's request for habeas corpus relief based on Ground Three should be denied.

Moreover, Petitioner did not fairly present this particular claim of ineffective assistance of counsel to the state courts, and it is now technically exhausted and procedurally barred. In his first post-conviction proceeding, Petitioner argued that counsel was ineffective for failing to raise Petitioner's competency with the trial court. (Respondents' Ex. V at 5-6, Ex. Z at 2, 4-5.) Petitioner's assertion in the trial and appellate courts that trial counsel was ineffective for failing to raise the issue of Petitioner's competency did not exhaust an ineffective assistance claim based on assertions of other allegedly deficient conduct by counsel at sentencing. *See Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (petitioner's assertion that counsel was ineffective for failing to cross-examine a witness was not sufficient to exhaust claim that counsel was ineffective on another ground).

Petitioner did not exhaust available state remedies with respect to his claim of ineffective assistance of counsel asserted in Ground Three and, pursuant to Arizona procedural rules, a return to state court to present this claim would be futile. *See* Ariz. R. Crim. P. 32.1, 32.2(a) and (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (a state post-conviction action is futile when it is time barred); *State v. Mata*, 916 P.2d 1035, 1048 53 (Ariz. 1996); Ariz. R. Crim. P. 32.2(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz. R. Crim. P. 32.4(a)

(establishing deadlines for filing notice of Rule 32 proceeding); Ariz. R. Crim. P. 32.9 (petition for review must be filed within thirty days of trial court's decision). Accordingly, although this claim is technically exhausted, it is procedurally barred. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).

### C. Overcoming the Procedural Bar

Because Petitioner claims are procedurally barred, either because the Arizona Court of Appeals denied them based on an adequate and independent state law ground (Grounds One, Two, and Four), or because Petitioner failed to present his claim to the state courts and returning to state court to do so now would be futile (Ground Three), federal habeas corpus review is barred unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 749-50; *Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

Rather than specifically arguing "cause and prejudice" or a "fundamental miscarriage of justice," Petitioner appears to argue that, because he could return to state court to present his claims in a state petition for writ of habeas corpus, his claims are not precluded from habeas corpus review. (Doc. 14 at 3-6.) However, permitting Petitioner to return to state court to present any of the claims asserted in the pending Petition to the state court in a petition for writ of habeas corpus would be futile and would not preserve those claims for federal habeas corpus review.

Under Arizona law, Rule 32 procedures govern a petition for writ of habeas corpus challenging the validity of a conviction or sentence. *See* Ariz. R. Crim. P. 32.3. Although Rule 32 does not displace writs of habeas corpus in Arizona, it is designed "to provide a unified procedure for the various avenues of post-conviction relief." *Floyd v. Superior Court*, 657 P.2d 885, 886-87 (Ariz. Ct. App. 1982). Rule 32 "provides Arizona criminal defendants with a different procedural vehicle for presenting certain claims, all of which relate to alleged irregularities and errors that occurred in connection with the criminal proceeding that resulted in a conviction and the sentence." *State v. Moraga*, 2012 WL 5873552, at *2 (Ariz. Ct. App. Nov. 21, 2012) (citing Ariz. R. Crim. P. 32 .1).

Rule 32.1 was intended to "'encompass all the grounds presently available in Arizona under a writ of habeas corpus, Ariz. Const. Art. 2, § 14; Ariz. Rev. Stat. §§ 13–2001 to 13–2027 (1956).'" *Moraga*, 2012 WL 5873552, at *2 (citing Ariz. R. Crim. P. 32.1 comment.)

Although Rule 32 does not displace writs of habeas corpus, "[i]n Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction." *In re Oppenheimer*, 389 P.2d 696, 700 (Ariz. 1964). Thus, "[t]he writ of habeas corpus is not the appropriate remedy to review irregularities or mistakes in a lower court unless they pertain to jurisdiction." *State v. Court of Appeals*, 416 P.2d 599, 601 (Ariz. 1966). None of Petitioner's claims pertain to the trial court's jurisdiction. *See State v. Bryant*, 200 P.3d 1011, 1014-15 (Ariz. Ct. App. 2008) (explaining that, to the extent that *State v. Vargas-Burgos,* 783 P.2d 264, 265 (Ariz. Ct. App. 1989) suggested that a claim that a sentence was not statutorily authorized was jurisdictional in nature, *Vargas-Burgos* used the term "jurisdiction" imprecisely). Accordingly, Petitioner's claims would not properly be brought in a state petition for writ of habeas corpus, and permitting Petitioner to return to state court to present his claims to the state court would be futile. Accordingly, federal habeas corpus review of Petitioner's claims is procedurally barred and his claims are not properly before the Court unless Petitioner establishes a basis to overcome the procedural bar.

### 1. Cause and Prejudice

Petitioner does not argue "cause or prejudice" to overcome the procedural bar. (Doc. 14.) Additionally, Petitioner's status as an inmate and his limited access to legal resources do not constitute cause to excuse the procedural bar. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's mental health issues and reliance upon jailhouse lawyers did not constitute cause). Because Petitioner offers no legitimate "cause" that precluded him from properly exhausting state remedies, the Court

need not reach the prejudice issue. *See Engle*, 456 U.S. at 134 n. 43; *Smith v. Murray*, 477 U.S. 527, 533 (1986) (when petitioner fails to establish cause for his procedural default, the court need not consider whether he has shown actual prejudice resulting from the alleged violation).

### 2. Fundamental Miscarriage of Justice

Finally, Petitioner has not shown that failure to consider his procedurally barred claims will result in a "fundamental miscarriage of justice." A federal court may review the merits of a procedurally defaulted habeas claim if the petitioner demonstrates that failure to consider the merits of his claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner does not argue that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. Because Petitioner has not demonstrated any basis to overcome the procedural bar, his claims are not properly before the Court and the Petition should be denied.

## IV. Conclusion

Petitioner is not entitled to habeas corpus relief because his claims are procedurally barred and he has not established any ground to excuse that bar. Additionally, to the extent that Petitioner's claims asserted in Grounds Two and Four are based on state law, those claims are not cognizable on federal habeas corpus review.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the

1 procedural ruling debatable and because Petitioner has not made a substantial showing of
2 the denial of a constitutional right.

3       This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate
5 Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The
6 parties have fourteen days from the date of service of a copy of this recommendation
7 within which to file specific written objections with the Court.  See 28
8 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days
9 within which to file a response to the objections.  Failure to file timely objections to the
10 Magistrate Judge's Report and Recommendation may result in the District Court's
11 acceptance of the Report and Recommendation without further review.  *See United States*
12 *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to
13 any factual determination of the Magistrate Judge may be considered a waiver of a
14 party's right to appellate review of the findings of fact in an order or judgment entered
15 pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

16       Dated this 12th day of November, 2013.

                                                      Bridget S. Bade
                                           United States Magistrate Judge