**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Alan Clack, ) | No. CV-12-02209-PHX-FJM |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Ronald Credio; Attorney General of the ) State of Arizona, ) | |
| Respondents. ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 13), petitioner's reply (doc. 14), the Report and Recommendation of the United States Magistrate Judge recommending that the petition be denied (doc. 18), and petitioner's objections (doc. 19).

On July 13, 2009, petitioner pled guilty to one count of kidnaping a child under 15 with sexual motivation, and one count of attempted molestation of a child under 15. Petitioner later sought to withdraw from the plea agreement. Following an evidentiary hearing, the trial court denied petitioner's motion to withdraw.

Petitioner now asserts four grounds for habeas relief: (1) his 17-year sentence is unconstitutional because he "did not admit and the state did not prove beyond a reasonable doubt" either that he committed the offense with the use of a deadly weapon or with the

knowing or intentional infliction of serious injury; (2) the Arizona sentencing statute, A.R.S. § 13-604.01, refers to a maximum penalty, but does not require a mandatory penalty; (3) trial counsel was incompetent during plea negotiations because he lacked sufficient knowledge of Arizona's criminal statutes, which resulted in petitioner waiving his constitutional rights "under the guise of plea bargain stipulations"; and (4) the trial court imposed sentences that violated Arizona statutes and resulted in a "violation of separation of powers" and petitioner's constitutional rights.

The Magistrate Judge noted that Grounds 1, 2 and 4 were not raised in petitioner's first state post-conviction proceeding, but instead were first raised in his second post-conviction proceeding. The state court therefore concluded that these claims are barred by Ariz. R. Crim. P. 32.2(a)(3) for petitioner's failure to raise them at trial or in his first Rule 32 proceeding. We agree with the Magistrate Judge that this state procedural ruling "is both independent of the merits of the federal claim and an adequate basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260 (1989); see also Stewart v. Smith, 536 U.S. 856, 860 (2002) (holding that Rule 32.2 is an adequate and independent procedural bar). Therefore, Grounds 1, 2, and 4 are procedurally barred from federal habeas corpus review. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977).

The Magistrate Judge also concluded that Ground 3, asserting trial counsel's incompetence regarding Arizona's sentencing statutes, does not identify a federal claim. Petitioner asserts that counsel was incompetent, but he does not cite the Sixth Amendment or any other federal claim. A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Engle v. Isaac, 456 U.S. 107, 119 (1982). Therefore, because Ground 3 is not based on a violation of federal law it cannot form the basis for habeas relief.

But even if Ground 3 is construed as presenting a constitutional claim, it would nevertheless fail because petitioner did not present this particular claim of ineffective assistance of counsel to the state court and therefore the claim is also technically exhausted and procedurally barred.

1    Finally, we also agree with the Magistrate Judge's conclusion that petitioner has failed
2 to establish "cause" or that a failure to consider the procedurally barred claims will result in
3 a "fundamental miscarriage of justice."
4    Therefore, pursuant to Rule 8(b), Rules Governing § 2254 Cases, we have considered
5 petitioner's objections and reviewed the report and recommendation *de novo*. We accept the
6 recommended decision of the United States Magistrate Judge (doc. 18). Therefore, **IT IS**
7 **ORDERED DENYING AND DISMISSING** with prejudice the petition for writ of habeas
8 corpus (doc. 1).
9    **IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave
10 to proceed *in forma pauperis* on appeal because dismissal of the habeas petition is justified
11 on procedural grounds and jurists of reason would not find the procedural ruling debatable.
12    DATED this 9th day of December, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 3 -